# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DUANE MCKINNEY,** | ) | |
| | ) | **Civil Action No. 07-1480 (RBW)** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE** | ) | |
| **DRUG ENFORCEMENT** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS

The United States Attorney for the District of Columbia, on behalf of the defendant, respectfully moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction. As discussed more fully in the accompanying memorandum of points and authorities, plaintiff's complaint, by which he seeks return of property the Drug Enforcement Administration ("DEA") seized during execution of a search warrant, should be dismissed because the DEA initiated an administrative forfeiture proceeding against the $59,029.00 at issue here ("the subject funds") before plaintiff filed the complaint. Plaintiff's effort to invoke the Court's jurisdiction, as an alternative means to have the funds returned to him, was improper. Moreover, the complaint should be dismissed with prejudice because the DEA has now properly forfeited the property at issue under its administrative forfeiture authority. Even if the court were to permit plaintiff to re-craft his complaint as one seeking to set aside the administrative forfeiture based on faulty notice, his complaint proves that he had timely notice of his obligation to file a challenge to the administrative forfeiture at the agency level. Therefore, a redrafted complaint necessarily would fail under Fed. R. Civ. P. 12(b)(6).

The plaintiff, *pro se*, should take notice that any factual assertions contained in the affidavit and other attachments in support of defendant's motion will be accepted by the Court as true unless plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

A proposed Order is submitted herewith, along with a Memorandum of Points and Authorities.

Respectfully submitted,

_/s/_____
JEFFERY A. TAYLOR, D.C. Bar #498610
United States Attorney

_/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney

_/s/_____

DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copies of the Defendant's Motion to Dismiss, the accompanying Memorandum, and the Proposed Order were sent by U.S. Postal Service, First-Class postage paid, to Mr. Duane McKinney, *pro se,* 1035 10th Street, N.E., Washington, D.C. 20002 and to his criminal defense attorney, Christopher M. Davis, Esquire, 415 10th Street, N.W., 9th Floor, Washington, D.C. 20005, on this __ day of October, 2007.

_/s/_____

DIANE G. LUCAS
Assistant United States Attorney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DUANE MCKINNEY,** | ) | |
| | ) | **Civil Action No. 07-1480 (RBW)** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE** | ) | |
| **DRUG ENFORCEMENT** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

In his complaint, plaintiff Duane McKinney ("McKinney") requests the return of the subject funds because, he asserts, the DEA seized the funds from his residence without a search warrant. And, yet, plaintiff attached to his complaint a copy of the search warrant the DEA obtained. See Document 1, attachment p. 4. But, regardless of how the DEA acquired the subject funds, the DEA forfeited the subject funds through the administrative forfeiture process. See Exhibit A, attachment 17.

Except for the limited purpose of determining whether the forfeiting agency afforded procedural due process to putative claimants, courts lack subject-matter jurisdiction to review the merits of administrative forfeiture proceedings. In this case, plaintiff's complaint does not allege that he did not receive notice of the administrative forfeiture proceeding before the subject property was forfeited. Thus, the complaint should be dismissed on jurisdictional grounds, pursuant to Fed. R. Civ. P. 12(b)(1). Moreover, although courts typically are more flexible in their treatment of *pro se* complaints, frequently granting such litigants leave to amend defective complaints, leave to amend would be futile in this case. The complaint itself proves that the

DEA provided the appropriate procedural safeguards.  Accordingly, even if the complaint were to seek to set aside the administrative forfeiture on procedural grounds – relief over which the Court would have jurisdiction – the complaint plaintiff filed establishes that he received constitutionally adequate notice of the administrative forfeiture proceeding before it was concluded.  A redrafted complaint would, therefore, be subject to dismissal under the standards of Rule12(b)(6).

There are three different types of forfeitures:  administrative, civil and criminal.  Non-judicial, or administrative, forfeitures are handled by the federal agencies that seize forfeitable property (or adopt other agencies' seizures of such property).  Administrative forfeiture authority, which is statutory, allows an agency to forfeit some types of seized property (but not real property) to the United States, without court involvement, provided:  (1) that the agency follows applicable statutory procedures; and (2) that no person filed a claim with the forfeiting agency.  If a person files a timely verified claim with the agency, however, the agency must refer the case to an appropriate United States Attorney's Office for it to decide whether the property should be returned to the administrative claimant (or claimants), or sued for forfeiture, in a civil *in rem* forfeiture action against the property, or included for forfeiture in a criminal indictment.

District courts are almost never involved in administrative forfeitures.  As the leading authority in federal forfeiture law has explained, "[b]ecause administrative forfeiture is solely a matter for the Executive Branch, there is no judicial review of any aspect of the forfeiture proceeding, except for the review necessary to ensure that the agency followed procedures that afforded property owners due process of law."  Cassella, Stefan D., *Asset Forfeiture in the United States: A Treatise on Forfeiture Law*, § 5-1, at 1 (2006).  As discussed more fully below,

because the subject funds were administratively forfeited, this Court lacks subject-matter

jurisdiction to decide this dispute over the forfeited property – except to a review whether the

DEA provided the appropriate procedural safeguards.  In this case, however, the complaint does

not allege the DEA failed to notify McKinney of the administrative forfeiture proceedings.

Therefore, this Court lacks jurisdiction to grant the requested relief.  Moreover, even were the

Court to construe the complaint as a complaint of a motion seeking to set aside the DEA's

administrative forfeiture, such relief could only be granted consistent with the provisions of 18

U.S.C. § 983(e).  In this case, the court cannot excuse McKinney's failure to file timely a

verified claim in the administrative forfeiture action because he cannot demonstrate that he did

not receive notice of the forfeiture action, and he cannot demonstrate that he did not know or did

not have reason to know of the seizure of the subject funds.  The Court should not permit him to

redraft his complaint, only to dismiss it under Rule 12(b)(6).  Instead, this complaint should be

dismissed with prejudice.

## **LEGAL STANDARDS**

The standard of review pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is

similar to one pursuant to Rule 12(b)(6).  In deciding a motion to dismiss on jurisdictional

grounds, however, the Court can consider material outside the pleadings.  See Caesar v. United

States, 258 F. Supp.2d 1, 2-3 (D.D.C. 2003); Alliance for Democracy v. Federal Election

Commission, 362 F. Supp.2d 138, 142 (D.D.C. 2005).  A plaintiff has the burden of

demonstrating subject-matter jurisdiction.  See Shekoyan v. Sibley Int'l Corp., 217 F. Supp.2d

59, 63 (D.D.C. 2002).

In considering a motion to dismiss for lack of subject-matter jurisdiction, a court accepts

as true all of the factual allegations contained in the complaint.  Scandinavian Satellite Sys., AS v. Prime TV Ltd., 291 F.3d 839, 844 (D.C. Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)).  But a court is not required to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations.  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

In contrast to a jurisdictional challenge, "[a] motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint."  Lutz v. United States, -- F. Supp.2d --, 2007 WL 1954438 at 2 (D.D.C. July 5, 2007) (citing Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002)).  "Although 'detailed factual allegations' are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the 'grounds' of 'entitle[ment] to relief,' a plaintiff must furnish 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'  Dye v. United States, -- F. Supp.2d --, 2007 WL 2800376 at 4 (September 27, 2007) (citing, Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 1964-65 (2007)); see also Papasan v. Allain, 478 U.S. 265, 286 (1986).  "The facts alleged in the complaint 'must be enough to raise a right to relief above the speculative level,' or must be sufficient 'to state a claim for relief that is plausible on its face.'  The Court referred to this newly clarified standard as 'the plausibility standard.' (abandoning the 'no set of facts' language from Conley v. Gibson)."[1]  Id.  (Citations omitted.)

In reviewing a Rule 12(b)(6) motion, "[t]he Court must accept as true all factual allegations contained in the complaint."  Erickson v. Pardus, -- U.S. --, 127 S. Ct.  2197, 2200 (2007).  The complaint must be "'construed liberally in the plaintiffs' favor', and 'must be

---

[1]  Conley v. Gibson, 355 U.S. 41 (1957).

granted the benefit of all inferences that can be derived from the facts alleged." <u>Dye v. United States</u>, -- F. Supp.2d --, 2007 WL 2800376 at 5 (citing, <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994); <u>Browning v. Clinton</u>, 292 F.3d at 242; <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1113 (D.C. Cir. 2000). "*Pro se* complaints are held to a less stringent standard than complaints drafted by attorneys." <u>Id.</u>, citing <u>Erickson v. Pardus</u>, -- U.S.-- 127 S. Ct. at 2200. "The Court need not accept inferences drawn by plaintiffs if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiffs' legal conclusions." <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d at 1276; <u>Browing v. Clinton</u>, 292 F.3d at 242.

Rule G, Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and 18 U.S.C. § 983 set forth the general procedural rules for both administrative and civil forfeiture. 18 U.S.C. § 983(e) is the exclusive remedy to set aside an administrative forfeiture. 18 U.S. C. § 983(e) requires a claimant prove both that he or she was entitled to receive direct written notice of an administrative forfeiture proceeding and did not receive it, and that the individual had no knowledge of the seizure.

<u>**BACKGROUND**</u>

On April 20, 2007, the Drug Enforcement Administration conducted a search of the entire premises at 1035 10th Street N.E., Washington, D.C., pursuant to a federal search warrant. <u>See </u>Document No. 1, attachment at p. 4. McKinney was present and occupied the basement apartment when law enforcement officers arrived to execute the search warrant. <u>See</u> Civil

Action No. 07-1289, Document No. 1 at ¶ 28.[2]  Documents and mail matter addressed to

McKinney were recovered from three areas in the basement apartment.  Id.  Law enforcement

officers recovered a total of $59,029 in cash from several locations in the bedroom of the

basement apartment:  $39,750 from an air vent; $17,200 from a jacket in the closet; and $1,079

from a pair of pants later worn by McKinney.  Id. at 29.  The Drug Enforcement Administration

seized the $59,029 and it is the subject of the instant lawsuit filed by McKinney.

On May 16, 2007, the DEA began the procedures for non-judicial, administrative

forfeiture of the subject funds.  First, the DEA mailed, post-prepaid, certified, return-receipt

requested, notice of the administrative forfeiture of the $59,029 to McKinney at 1035 10th Street

N.E., Washington, D.C. 2002.  See Exhibit A at ¶ 4(b), Affidavit of John Hieronymus.  That

same day, the DEA also sent direct notice to McKinney's attorney, Joseph Vallerio, which was

signed for.  Id. at ¶ 4(c).  On July 18, 2007, McKinney's direct notice was returned to the DEA

because it was "unclaimed."  Id. at 4(b).  On July 19, 2007, the DEA again sent McKinney notice

of the administrative forfeiture, this time through regular first class mail.  Id. at 4(g).  That same

day the DEA sent notice to attorney Rita Bosworth at the Federal Public Defender's Office,

which was accepted.  Id. at 4(h).  Notice of the seizure was published three times in *THE WALL

STREET JOURNAL* on May 29, 2007, June 4, 2007 and June 11,  2007.  Id. at 4(I).  In the

notices it published and mailed, the DEA explained the procedures applicable for filing a claim

with the DEA in order to contest the forfeiture action in a United States District Court.  Id.  As a

result of the mailings, any verified claim should have been filed with the DEA based on the first

---

[2]  In this instance, two vehicles were also seized by the government during the search
warrant and they are the subject property of a separate civil forfeiture *in rem* action, Civil Action
No. 07-1289.

notice by June 20, 2007, and based on the second notice by August 23, 2007.  Id.  Pursuant to 18

U.S.C. § 983(a)(2)(B), for those individuals not being sent direct notice, a claim should have

been filed by July 13, 2007.  Id.  No person filed a timely verified claim or requested the

remission or mitigation of the forfeiture of the $59,029 with the DEA.  Id. at ¶ 4(l), attachment

17.  Therefore, on October 1, 2007, the DEA administratively forfeited the subject funds.  Id.

Meanwhile, after McKinney received notice from the DEA that it was seeking to forfeit,

administratively, the property it had seized, McKinney filed the instant complaint in this Court,

on August 30, 2007, asking for the property to be returned.

## **ARGUMENT**

### I.    **Plaintiff's Complaint Must Be Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) Because the Court Lacks Jurisdiction to Order the Requested Relief.**

After an administrative forfeiture proceeding has commenced, an individual has no basis

to attack in Court the non-judicial forfeiture proceeding and only a very limited basis (whether

procedural due process was provided) to contest a completed administrative forfeiture.  Here, the

subject funds have been forfeited through a completed administrative forfeiture process and

McKinney does not contend he did not receive notice in his complaint, so the Court has no

jurisdiction to review the administrative forfeiture or return the subject property.  See Exhibit A,

attachment 17.  Since the Court lacks subject-matter jurisdiction, the defendant is entitled to

dismissal pursuant to Fed. R. Civ. P. 12(b)(1).

Although McKinney had an adequate remedy at law through the administrative forfeiture

process, McKinney chose not to challenge in that process the forfeiture of the subject funds

seized on April 20, 2007.  Instead, Mckinney filed the instant complaint asserting that the funds

were illegally seized.  See Document No. 1 at ¶ 3.  The Court lacks jurisdiction to consider the

-7-

merits of McKinney's complaint.

> [T]he courts universally hold that a person who wishes to contest an administrative forfeiture proceeding has an adequate legal remedy that comports with the requirements of due process.  Moreover, because the district courts lack jurisdiction to grant equitable relief to persons who have an adequate remedy at law, the courts also hold that a person who could have filed a claim in the administrative forfeiture proceeding but did not do so may neither seek collateral review of the agency's forfeiture determination in the district court, nor appeal the agency's forfeiture determination to the Court of Appeals.

Cassella, Stefan D., *Asset Forfeiture in the United States: A Treatise on Forfeiture Law*, § 5-1, at 2 (2006).  "The bar on judicial review of administrative forfeiture applies equally to challenges that the claimant could have made on the merits of the forfeiture and to any constitutional grounds that the claimant could have raised in the district court if he had filed a claim." Id. at 3.

"We now hold that once the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the District Court has no jurisdiction to resolve the issue of return of property."  United States v. Price, 914 F.2d 1507, 1511 (D.C. Cir. 1990); see also Haltiwanger v. United States, 494 F. Supp.2d 927, 929 (N.D. Ill. 2007) (citing Linarez v. United States Dept. of Justice, 2 F.3d 208, 212 (7th Cir. 1993) ("Had [appellant] desired to litigate his challenges to the seizure and forfeiture in district court, he could have done so by availing himself of the administrative procedures first  . . . which would have forced the DEA to institute *judicial* forfeiture proceedings."); United States v. Sims, 376 F.3d 705, 707 (7th Cir. 2004) (proper vehicle to challenge an administrative forfeiture after CAFRA was enacted on August 23, 2000 is pursuant to 18 U.S.C. § 983(e), not a motion pursuant to Fed. R. Crim. P. 41(g)); Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005) (district court did not have jurisdiction to review the merits of whether Customs lacked the

authority to administratively forfeit a check) (citations omitted). Likewise, this Court cannot review McKinney's assertion that the money was seized without a search warrant.

Because the subject funds were forfeited in the administrative forfeiture proceeding, and because McKinney's complaint does not argue that he did not receive notice of that proceeding, this Court lacks jurisdiction to determine whether McKinney has any right to the property in question. Dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is warranted.

II.    **In This Case, Dismissal Should be With Prejudice, Because Even If the Complaint Were Drafted as a Challenge to the Adequacy of Notice of the Administrative Forfeiture Action, the Complaint Still Would Be Subject to Dismissal, Under Fed. R. Civ. P. 12(b)(6).**

A.    **McKinney Cannot Meet Requirements of 18 U.S.C. § 983(e).**

Although Courts are somewhat more lenient in allowing mispled complaints from *pro se* litigants, there is no reason to do so here, because McKinney establishes that he had notice of the administrative forfeiture. See Document 1, attachment p. 3. Thus, the Court should not allow McKinney to re-plead his case or interpret his *pro se* complaint as a motion to set aside the administrative forfeiture pursuant to 18 U.S.C. § 983(e). Under either scenario, dismissal of the complaint would still be appropriate, pursuant to Fed. R. Civ. P. 12(b)(6), because McKinney could not state a claim upon which relief can be granted.

As noted earlier, while the Court does not have jurisdiction to review the merits of an administrative forfeiture, the Court may, if a proper motion is filed, review whether the agency provided appropriate procedural due process when it pursued the administrative forfeiture. See 18 U.S.C. § 983(e). But, "the court's review 'is limited to determining whether the agency followed the proper procedural safeguards'" in conducting the administrative forfeiture. Valderrama v. United States, 417 F.3d at 1196.

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified in part at 18 U.S.C. § 983(e), provides the exclusive means for seeking the return of property that has been administratively forfeited. "A motion filed under [18 U.S.C. § 983(e)] shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). See also United States v. Sims, 376 F.3d at 707; Valderrama v. United States, 417 F.3d at 1195. In order for the Court to set aside an administrative forfeiture, an individual requesting the return of forfeited property must prove both: (1) that the government failed to send proper notice; and (2) that the individual had no knowledge of the seizure or reason to know of the seizure within the time frame for filing an administrative claim (or challenge). 18 U.S.C. § 983(e) specifically provides,

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if–
>
>> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>>
>> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e). Here, assuming the Court were to construe the complaint as a motion to set aside the administrative forfeiture pursuant to 18 U.S.C. § 983(e), McKinney cannot meet the two requirements of 18 U.S. C. § 983(e). Therefore, dismissal would be appropriate pursuant to Fed. R. Civ. P. 12(b)(6) even if his complaint had invoked section 983(e).

The DEA followed the notice requirements of 18 U.S.C. § 983(a) and satisfied the due process clause requirements of the Fifth Amendment by sending to McKinney (at his residence),

and to his then-attorney, notice of the forfeiture proceedings, on May 16, 2007. The DEA also published notification of the administrative forfeiture in a newspaper of general circulation in the District of Columbia three times as required. See Exhibit A. When the DEA learned that McKinney did not pick up the notice, the DEA sent out new notices (without receipt requested) to McKinney's residence and his new attorney on July 18, 2007. See Exhibit A. That second notice is an exhibit attached to the complaint, so it is plainly obvious that McKinney actually received the second direct notice the DEA sent of the forfeiture action. See Document No. 1, attachment p. 3. Because McKinney received direct notice of the administrative forfeiture action within the time permitted to file a claim in that proceeding, McKinney cannot satisfy the first requirement to contest the administrative forfeiture of the subject funds pursuant to 18 U.S.C. § 983(e). Therefore, under no circumstances could McKinney state a claim upon which relief could be granted.

Assuming, *arguendo,* that McKinney had not received the notice the DEA mailed to him, McKinney still could not successfully challenge the administrative forfeiture in a court. McKinney was present when the subject funds were seized; he cannot credibly claim that he had no knowledge of the seizure. Indeed, in Civil Action No. 07-1289, a separate *in rem* forfeiture action the government against two vehicles that were seized during the execution of the April 20, 2007 search warrant discussed here, the complaint states that McKinney was the "sole occupant of the basement apartment when law enforcement arrived." See Civil Action No. 07-1289, Document No. 1 at 28. McKinney's Answer in that case does not dispute that assertion (or any of the other factual assertions regarding the execution of the search warrant). See Civil Action No. 07-1289, Document No. 5. Therefore, those assertions are deemed admitted. But, in order

to meet the second requirement of 18 U.S.C. § 983(e), McKinney would have to establish that he did not know, and did not have reason to know, that the administratively forfeited funds had been seized.  Given McKinney's presence when the seizure occurred, McKinney cannot legitimately make that argument.  Thus, McKinney cannot meet the second requirement of 18 U.S.C. § 983(e), either.

## B.  DEA's Notice Was Procedurally Appropriate.

Last, McKinney's complaint alleges that the notice provided was insufficient because "[t]he Information and Notice set forth has no more than the text of the forfeiture statute and contain[sic] no facts in support of the conclusion stated in the information and notice of forfeiture."  See Document No. 1 at ¶ 6.  Here, the notice was sufficient for McKinney to file a timely claim in the administrative forfeiture action.  A notice must only be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections."  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  The notice of a need to claim need not also require that the government prove the existence of a factual basis for the pending forfeiture.  If McKinney had filed a timely claim with the DEA, he could have challenged the forfeiture by requiring that the government establish, in a civil action or a criminal prosecution, the underlying factual basis, or bases, for the property's forfeitability.

In this case, the DEA's notice identified the property seized, set forth the means to challenge the seizure and forfeiture of the subject funds, and provided the deadlines for challenging the administrative forfeiture.  See Exhibit A and Document No. 1, attachment p. 3.  Under the section, "**TO CONTEST THE FORFEITURE**" the Notice provides, in part:

-12-

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel fo the DEA by **August 23, 2007.** The claim need not be made in any particular form (Title 18 U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18 U.S.C., Section 982(a)(2)(C)). . .

<u>Id.</u> The DEA provided McKinney with adequate notice and an opportunity to be heard, McKinney acknowledged receipt of the actual notice, and McKinney had knowledge of the seizure. Under no circumstances can McKinney meet the requirements of 18 U.S.C. § 983(e). The defendant would be entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

<u>**CONCLUSION**</u>

WHEREFORE, for the forgoing reasons, the United States respectfully submits that the Court should dismiss the Complaint with prejudice.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney

_/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912

-13-

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DUANE MCKINNEY,** | ) | |
| | ) | **Civil Action No. 07-1480 (RBW)** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE** | ) | |
| **DRUG ENFORCEMENT** | ) | |
| **ADMINISTRATION** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## ORDER

NOW, therefore, upon review of the defendant's Motion to Dismiss, any opposition filed

thereto, and the record, it is hereby granted.

**ORDERED, ADJUDGED, AND DECREED** that the instant matter filed by Duane

McKinney is dismissed with prejudice.

Dated this _____ day of _____, 2007.


_____
REGGIE B. WALTON
United States District Judge




cc:

Diane G. Lucas

Assistant United States Attorney
United States Attorney's Office
Asset Forfeiture Unit, Criminal Division
555 Fourth Street, N.W., Room 4822
Washington, D.C. 20530

Mr. Duane McKinney, *Pro se*
1035 10th Street, N.E.
Unit 1
Washington, D.C. 20002

Christopher M. Davis, Esquire
415 10th Street, N.W.
9th Floor
Washington, D.C. 20005

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

```
                              )
DUANE MCKINNEY,               )
     Plaintiff,               )
                              )
     v.                       )      Docket No. CA-07-1480 RBW
                              )
UNITED STATES DEPARTMENT      )
OF JUSTICE, ET AL             )
     Defendants.              )
                              )
```

### DECLARATION OF JOHN HIERONYMUS

1.    I, John Hieronymus, hereby declare that I am the Forfeiture Counsel of the Drug Enforcement Administration (DEA), United States Department of Justice, and in that capacity supervise forfeiture activities within the DEA.

2.    I affirm that, in the course of my official duties as Forfeiture Counsel of the DEA, I supervise and monitor the forfeiture activities of DEA field offices and receive reports and inquiries from those field offices regarding all facets of forfeiture matters.

3.    I declare that material related to the property, which is the subject matter in the above-captioned action, is contained in one file of my office.

4.    The file, captioned as DEA Case No. **GD-06-0074** and Asset Identification No. **07-DEA-483540**, contains the following information:

(a)    DEA Asset ID Number **07-DEA-483540** represents $59,029.00 in U.S. Currency seized from Duane McKinney in Washington, D.C., by DEA Special Agents on April 20, 2007.  The DEA office in Washington, D.C. subsequently prepared and submitted a forfeiture report to this office.  An attorney or paralegal reviewed this report to determine if the DEA field office provided adequate information to support administrative forfeiture proceedings against the property.  This procedure included a legal review of the evidence that existed to seize the $59,029.00 U.S. Currency.  Based on this thorough review, the DEA accepted this case for administrative forfeiture.

(b)    On May 16, 2007, pursuant to Title 19, U.S.C., Section 1607(a), and Title 18, U.S.C., Section 983, the DEA sent written notice of this seizure by certified mail, return receipt requested, to Duane McKinney, 1035 10th Street, NE, Washington, DC 2002 (Exhibit 1).  On July 18, 2007, the notice was returned to the DEA stamped ``RETURNED TO SENDER" (Exhibit 2).

(c) On May 16, 2007, pursuant to Title 19, U.S.C., Section 1607(a), and Title 18, U.S.C., Section 983, the DEA sent written notice of this seizure by certified mail, return receipt requested, to Duane McKinney, c/o Joseph Vallerio/Esq, 5210 Auth Road, Suitland, MD 20746-4325 (Exhibit 3).   On May 18, 2007, an individual signing in the "Signature" block accepted delivery of this notice (Exhibit 4).

(d)    On May 16, 2007, pursuant to Title 19, U.S.C., Section 1607(a), and Title 18, U.S.C., Section 983, the DEA sent written notice of this seizure by certified mail, return receipt

2

requested, to Corey Douglas, Prisoner ID No. A48998, Prince County Detention Center (sic), 13400 Dillie Drive, Upper Marlboro, MD, 20772 (Exhibit 5). On May 18, 2007, an individual signing in the "Signature" block accepted delivery of this notice (Exhibit 6).

(e)  On May 16, 2007, pursuant to Title 19, United States Code (U.S.C.), Section 1607(a), and Title 18, U.S.C., Section 983, the DEA sent written notice of this seizure by certified mail, return receipt requested, to Corey Douglas, 2500 Buckingham Green Lane, Upper Marlboro, MD 20772 (Exhibit 7). On February 27, 2007, the notice was returned to the DEA stamped ``UNCLAIMED'' (Exhibit 8).

(f)  On May 16, 2007, pursuant to Title 19, U.S.C., Section 1607(a), and Title 18, U.S.C., Section 983, the DEA sent written notice of this seizure by certified mail, return receipt requested, to Corey Douglas, c/o Patrick Woodward/Esq, Woodward Law Group, 1776 K. Street, NW, Washington, DC, 2006 (Exhibit 9). On May 21, 2007, an individual signing in the "Signature" block accepted delivery of this notice (Exhibit 10).

(g)  On July 19, 2007, pursuant to Title 19, U.S.C., Section 1607(a), and Title 18, U.S.C., Section 983, the DEA sent written notice of this seizure by first class mail to Duane McKinney, 1035 10th Street, NE, Washington, DC 2002 (Exhibit 11).

(h)  On July 19, 2007, pursuant to Title 19, U.S.C., Section 1607(a), and Title 18, U.S.C., Section 983, the DEA sent written notice of this seizure by certified mail, return receipt requested, to Duane McKinney, c/o Rita Bosworth/Esq., 625 Indiana

3

Avenue, N.W., Suite 550, Washington, DC, 20004 (Exhibit 12).   On
July 23, 2007, an individual signing in the "Signature" block
accepted delivery of this notice (Exhibit 13).

     (i) On May 29, 2007, pursuant to Title 19, U.S.C.,
Section 1607(a), and Title 21, Code of Federal Regulations
(C.F.R.), Section 1316.75, the seizure of the property was
initially published in THE WALL STREET JOURNAL, a newspaper of
general circulation in the District of Columbia (Exhibit 14).
The notice was published for three successive weeks:   Tuesday,
May 29, and the following Mondays, June 4 and June 11, 2007.   The
published and mailed notices explained the option of filing a
claim with the DEA Forfeiture Counsel in order to contest a
forfeiture action in United States District Court.   Pursuant to
Title 18, U.S.C., Section 983(a), the published and mailed
notices also stated that the deadline to file a claim was June
20, 2007 or, if the mailed notice was not received, July 13,
2007.   In addition, the published and mailed notices explained
the option of filing a petition for remission or mitigation.

     (j)  On August 31, 2007, the DEA received a summons
and a copy of the Complaint filed for by Duane McKinney in the
United States District Court for the District of Columbia
(Exhibit 15).

     (k)  On October 1, 2007, the DEA considered this
submission as a claim filed pursuant to Title 18, U.S.C., Section
983(a)(2), and rejected the claim as untimely (Exhibit 16).

     (l)  On October 1, 2007, after there had not been any
properly executed claim received, and after the time limit for

filing said claim expired, the DEA forfeited the $59,029.00 U.S.

currency to the United States pursuant to Title 19, U.S.C.,

Section 1609 (Exhibit 17).


     I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.

Executed this ___4th___ day of October 2007.


                              _____

John Hieronymus
Forfeiture Counsel
Asset Forfeiture Section
OML, Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, VA  22134-1475


Attachments:    Exhibits 1-17



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Duane McKinney
1035 10th Street, NE
Washington, DC 20002

| | |
|---|---|
| **Asset Id:** | 07-DEA-483540 |
| **Case Number:** | GD-06-0074 |
| **Property:** | $59,029.00 U.S. Currency |
| **Asset Value:** | $59,029.00 |
| **Seizure Date:** | 04/20/2007 |
| **Seizure Place:** | Washington, DC |
| **Owner Name:** | |
| **Seized From:** | McKinney, Duane |
| **Judicial District:** | District of Columbia |

NOTICE MAILING DATE: May 16, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881** , because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **June 20, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via **private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



EXHIBIT

1

07-48354O-005

924

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
### (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002          See Reverse for Instructions

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Duane McKimm
1035 10th Street NE
Washington, DC 20002

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

924

7005 1820 0007 4388 9877

07-483540-005

PS Form 3811, February 2004       Domestic Return Receipt      102595-02-M-1540

2001 JUL 18 AM 10:43

RECEIVED
ASSET FORFEITURE SECTION





**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Duane McKinney
c/o Joseph Vallerio/Esq
5210 Auth Road
Suitland, MD 20746-4325

| | |
|---|---|
| **Asset Id:** | 07-DEA-483540 |
| **Case Number:** | GD-06-0074 |
| **Property:** | $59,029.00 U.S. Currency |
| **Asset Value:** | $59,029.00 |
| **Seizure Date:** | 04/20/2007 |
| **Seizure Place:** | Washington, DC |
| **Owner Name:** | |
| **Seized From:** | McKinney, Duane |
| **Judicial District:** | District of Columbia |

<div align="center">

**NOTICE MAILING DATE:** May 16, 2007

**NOTICE OF SEIZURE**

</div>

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

<div align="center">

**TO REQUEST REMISSION OR MITIGATION OF FORFEITURE**

</div>

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

<div align="center">

**TO CONTEST THE FORFEITURE**

</div>

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **June 20, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

<div align="center">

**WHERE TO FILE CORRESPONDENCE**

</div>

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

**EXHIBIT**

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Asset ID: 07-DEA-483540
Duane McKinney
c/o Joseph Vallerio/Esq
Joseph Vallerio III
5210 Auth Road
Suitland, MD 20746-4325

07 - 483540 - 004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Barbara Proden    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
BARBARA PRODEN  05/18/07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☑ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
7005 1820 0007 4388 9860            924

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To

Street, Apt. No.
or PO Box No.

City, State, ZIP+4

7005 1820 0007 4388 9860

PS Form 3800, June 2002    See Reverse for Instructions


EXHIBIT
4



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Corey Douglas , Prisoner ID No. A48998
Prince County Detention Center
13400 Dille Drive
Upper Marlboro, MD 20772

| | |
|---|---|
| Asset Id: | 07-DEA-483540 |
| Case Number: | GD-06-0074 |
| Property: | $59,029.00 U.S. Currency |
| Asset Value: | $59,029.00 |
| Seizure Date: | 04/20/2007 |
| Seizure Place: | Washington, DC |
| Owner Name: | |
| Seized From: | McKinney, Duane |
| Judicial District: | District of Columbia |

### NOTICE MAILING DATE: May 16, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881** , because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **June 20, 2007.** The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten **(10)** percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



**EXHIBIT**

5

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Assd ID: 07-DEA-483540
Corey Douglas , Prisoner ID No. A48998
Prince County Detention Center
13400 Dille Drive
Upper Marlboro, MD  20772

07 - 483540 - 0003

7005 1820 0007 4388 9853

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
5/18/0

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

924

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, June 2002    See Reverse for Instructions

7005 1820 0007 4388 9853



EXHIBIT

6



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

| | |
|---|---|
| **Asset Id:** | 07-DEA-483540 |
| **Case Number:** | GD-06-0074 |
| **Property:** | $59,029.00 U.S. Currency |
| **Asset Value:** | $59,029.00 |
| **Seizure Date:** | 04/20/2007 |
| **Seizure Place:** | Washington, DC |
| **Owner Name:** | |
| **Seized From:** | McKinney, Duane |
| **Judicial District:** | District of Columbia |

Corey Douglas
2500 Buckingham Green Lane
Upper Marlboro, MD 20772

NOTICE MAILING DATE: May 16, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **June 20, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



EXHIBIT

7

07-483540-002

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

## O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002                    See Reverse for Instructions

7005 1820 0007 4388 9846

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Assn ID 07-DEA-43540
Corey Douglas
2500 Buckingham Green Lane
Upper Marlboro, MD 20772

07-483540-002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                      ☐ Agent
                                       ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

924

7005 1820 0007 4388 9846

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540



U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300
PITNEY BOWES
$ 05.21⁰
02 1A
0004203518    MAY 16 2007
MAILED FROM ZIP CODE 22202
UNITED STATES POSTAGE

CERTIFIED MAIL

7005 1820 0007 4388 9846

"Beech Tree
#88
5/88
6/7

Corey Douglas

1st NOT CE
2nd NOTICE
RETURNED

Forfeiture Counsel
Asset Forfeiture Section, OMA
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475

X-Rayed
JUN 1 1 2007
DEA/Quantico



EXHIBIT

8



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Corey Douglas
c/o Patrick Woodward/Esq
Woodward Law Group, LLC
1776 K. Street, NW
Washington, DC 20006

| | |
|---|---|
| Asset Id: | 07-DEA-483540 |
| Case Number: | GD-06-0074 |
| Property: | $59,029.00 U.S. Currency |
| Asset Value: | $59,029.00 |
| Seizure Date: | 04/20/2007 |
| Seizure Place: | Washington, DC |
| Owner Name: | |
| Seized From: | McKinney, Duane |
| Judicial District: | District of Columbia |

### NOTICE MAILING DATE: May 16, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **June 20, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



EXHIBIT

9



| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _a.rice_  □ Agent  □ Addressee<br>B. Received by (*Printed Name*)  a.rice   C. Date of Delivery 3·21·07 |
| Asset ID: 07-DEA-483540<br>Corey Douglas<br>c/o Patrick Woodward/Esq<br>Woodward Law Group, LLC<br>1776 K. Street, NW<br>Washington, DC  20006<br><br>*GD* | D. Is delivery address different from item 1?  □ Yes<br>If YES, enter delivery address below:   □ No |
| ‖‖‖‖‖‖‖‖‖‖ barcode ‖‖‖‖‖‖‖‖<br>0 7 - 4 8 3 5 4 0 - 0 0 1  *DEA* | 3. Service Type<br>☑ Certified Mail   □ Express Mail<br>□ Registered   ☑ Return Receipt for Merchandise<br>□ Insured Mail   □ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)   □ Yes |

7005 1820 0007 4388 9839                         924

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7005 1820 0007 4388 9839

PS Form 3800, June 2002     See Reverse for Instructions



**EXHIBIT**
10
tabbies®



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Duane McKinney
1035 10th Street, NE
Washington, DC 20002

| | |
|---|---|
| Asset Id: | 07-DEA-483540 |
| Case Number: | GD-06-0074 |
| Property: | $59,029.00 U.S. Currency |
| Asset Value: | $59,029.00 |
| Seizure Date: | 04/20/2007 |
| Seizure Place: | Washington, DC |
| Owner Name: | |
| Seized From: | McKinney, Duane |
| Judicial District: | District of Columbia |

NOTICE MAILING DATE: July 19, 2007

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 23, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

Duane McKinney
1035 10th Street, NE
Washington, DC 20002



07 - 483540 - 007

First Class Mail

EXHIBIT
11



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Duane McKinney
c/o Rita Bosworth/Esq.
625 Indiana Avenue, N.W.
Suite 550
Washington, DC 20004

| Asset Id: | 07-DEA-483540 |
|---|---|
| Case Number: | GD-06-0074 |
| Property: | $59,029.00 U.S. Currency |
| Asset Value: | $59,029.00 |
| Seizure Date: | 04/20/2007 |
| Seizure Place: | Washington, DC |
| Owner Name: | |
| Seized From: | McKinney, Duane |
| Judicial District: | District of Columbia |

**NOTICE MAILING DATE:** July 19, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 23, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

**EXHIBIT**

**12**



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Asset ID#: 07-DEA-483540
Duane McKinney
c/o Rita Bosworth/Esq.
625 Indiana Avenue, N.W.
Suite 550
Washington, DC 20004

07 - 483540 - 006

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number    7004 2510 0002 2292 7605

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002    See Reverse for Instructions

7004 2510 0002 2292 7605



**EXHIBIT**

13

# LEGAL NOTICE
# ATTENTION

The Drug Enforcement Administration (DEA), U.S. Department of Justice, gives notice that the property listed below was seized for forfeiture pursuant to Title 21, United States Code (U.S
Act (Title 21, U.S.C., Sections 801 et seq.). An owner or lienor may file a petition for remission or mitigation of the forfeiture with the Forfeiture Counsel, Asset Forfeiture Section, Office
Virginia 22134-1475, pursuant to Title 19, U.S.C., Section 1618, and the regulations governing the petition process set forth in Title 28, Code of Federal Regulations, Part 9. Correspond
Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. In addition to, or in lieu of petitioning for remission or mitigation, a person may contest the forfeit
DEA pursuant to Title 18, U.S.C., Section 983(a). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized
shall be deemed filed with the Asset Forfeiture Section, when received by the DEA at either of the addresses noted above. Submissions by facsimile or other electronic means will not
or suspects, nor does the appearance of their names in this notice necessarily mean that they are the target of DEA investigations or other activities.

**FIRST NOTICE**
**LAST DATE TO FILE JULY 13, 2007**
**PLACE SEIZED, SEIZED FROM, DATE SEIZED**

**MIDDLE DISTRICT OF ALABAMA**
**07-DEA-483304**, $7,500.00 U.S. Currency, Montgomery, AL, Collins, Feliciona, 04/19/07
**NORTHERN DISTRICT OF ALABAMA**
**07-DEA-483292**, $12,258.00 U.S. Currency, Hartselle, AL, Kovar, Michael Layne, 04/23/07
**07-DEA-483413**, 1999 Harley Davidson Motorcycle, 1HD1FHW11XY624241, McCalla, AL, Having, Gerald Thomas, 04/18/07
**07-DEA-483414**, 1998 Chevrolet Tahoe LT, 1GNEK13R7WJ320877, McCalla, AL, Having, Gerald Thomas, 04/18/07
**SOUTHERN DISTRICT OF ALABAMA**
**07-DEA-483472**, $6,600.00 U.S. Currency, Mobile, AL, Tamplin, Reginald Denard, 04/25/07
**EASTERN DISTRICT OF ARKANSAS**
**07-DEA-483364**, $2,476.00 U.S. Currency, North Little Rock, AR, Amador-Valdez, Pablo AKA Fuentes, Mario, 04/25/07
**DISTRICT OF ARIZONA**
**07-DEA-482274**, $4,450.00 U.S. Currency, Holbrook, AZ, Clark, Wayne M., 04/26/07
**07-DEA-483035**, 7,465 British Pounds, VL: $13,987.17 U.S. Currency, Bo'Ness, Great Britain, Shanks, Kerry Ann and Howes, Brian, 03/27/07
**07-DEA-483166**, $295,377.00 U.S. Currency, Flagstaff, AZ, Farias, Ana, 04/17/07
**07-DEA-483181**, $38,500.00 U.S. Currency, Parker, AZ, Villasana-Maciel, Jorge, 04/23/07
**07-DEA-483417**, 2004 Ford F-250 Quad Cab Pick Up Truck, 1FTNW21P04EB93822, Sonoita, AZ, Werth, Christopher Edward, 04/17/07
**07-DEA-483457**, 2006 Chrysler 300 SRT-8, 2C3LA73W16H258460, Tucson, AZ, Lewis, Markell La Juana AKA Markell, Lewis L., 04/26/07
**CENTRAL DISTRICT OF CALIFORNIA**
**06-DEA-467267**, $705,000.00 U.S. Currency, Moreno Valley, CA, Rodriguez, Jose Luis, 05/03/06
**07-DEA-483205**, $1,872.00 U.S. Currency, Sylmar, CA, Eiber,
... and Andrews, Evan, 04/13/07
**07-DEA-482898**, $8,051.00 U.S. Currency, Pueblo West, CO, Andrews, Leslie Ann AKA Aguirre, Leslie Ann and Andrews, Evan, 04/20/07
**07-DEA-482905**, 1996 Cadillac Deville, 1G6KD52Y5TU215483, Pueblo West, CO, Andrews, Leslie Ann AKA Aguirre, Leslie Ann and Andrews, Evan, 04/20/07
**07-DEA-482957**, 2003 Chevrolet Silverado C1500 Pick-up, 1GCEC14X33Z275596, Pueblo County, CO, Garcia, Jorge Concepcion, 04/18/07
**07-DEA-483050**, $4,720.00 U.S. Currency, Denver, CO, Apodaca, Veronica Faith, 04/16/07
**07-DEA-483142**, $9,679.00 U.S. Currency, Denver, CO, Cole, Ramone, 04/10/07
**07-DEA-483168**, $18,000.00 U.S. Currency, Mack, CO, Pena-Ponce, Luis AKA Pena-P, Filiberto AKA Pena-Ponce, Filiberto, 04/19/07
**07-DEA-483173**, 2002 Nissan Altima, 1N4AL11D82C128688, Mack, CO, Pena-Ponce, Luis AKA Pena-Ponce, Filiberto AKA Pena-P., Filiberto, 04/19/07
**07-DEA-483562**, $10,900.00 U.S. Currency, Lafayette, CO, Westwood, Scotty Tremayne, 04/18/07
**DISTRICT OF COLUMBIA**
**07-DEA-483540**, $59,029.00 U.S. Currency, Washington, DC, McKinney, Duane, 04/20/07
...
Televsion, Ser No LA61941523, VL: $1,511.94, Lawrenceville, Aguilar-Garcia, Gustavo and Alvarado, Araceli, 04/16/07
**07-DEA-483496**, $2,538.00 U.S. Currency, Lawrenceville, GA,

Black, Justin Keith, 04/24/07
**07-DEA-483254**, $8,130.00 U.S. Currency, Allegany County, MD, Foss, Erik Daniel, 04/13/07
**07-DEA-483372**, $4,771.00 U.S. Currency, Westover, MD, Brickhouse, T-Andre Santonio, 04/23/07
**07-DEA-483564**, $2,191.00 U.S. Currency, Perryville, MD, Berthia, Gregery Brown, 04/13/07
**07-DEA-483582**, $36,000.00 U.S. Currency, Kent County, MD, Greene Jr., Sherman Nathaniel, 04/19/07
**07-DEA-483613**, $995.00 U.S. Currency, Beltsville, MD, Nash, Garfield, 03/13/07
**DISTRICT OF MAINE**
**07-DEA-482645**, Glock 17 9mm Handgun, Ser No ZC131US, VL: $100.00, Hampden, ME, Horta, Manuel, 03/27/07
**07-DEA-483513**, $2,008.00 U.S. Currency, Bangor, ME, Barnes, Adam, 05/07/07
**EASTERN DISTRICT OF MICHIGAN**
**07-DEA-483307**, $19,120.00 U.S. Currency, Romulus, MI, Jamo, Saoud Mansoor, 04/30/07
**DISTRICT OF MINNESOTA**
**07-DEA-482858**, $14,235.00 U.S. Currency, Minneapolis, MN, Nguyen, Huan Huynh, 04/16/07
**07-DEA-483380**, $27,980.00 U.S. Currency, Worthington, MN, Brown, Joshua C., 05/03/07
**07-DEA-483397**, $9,000.00 U.S. Currency, St. Paul, MN, Durand, Aaron Clayton, 04/26/07
**EASTERN DISTRICT OF MISSOURI**
**06-DEA-474807**, 2000 Chevrolet Tahoe, 1GNEK13T0YJ174756, St. Louis, MO, Tovar, Alfonso, 10/20/06
**07-DEA-483189**, 2006 Ford Crown Victoria, 2FAFP74W66X129342, Doniphan, MO, Walton, James Michael, 04/26/07
**07-DEA-483443**, (9) Assorted Pieces of Electronic Equipment, VL: $6,930.00, (1) Dell TV Model W2606C, Ser No CN-OWD100-64180-5BD-05ZA; (1) Dell TV Model W2606C, Ser No CN-OWD100-64180-61Q-OJYA; (1) Dell TV Model W2606C, Ser No CN-OWD100-64180-61Q-08XA; (1) Sony TV, Ser No FMFMHT85; (1) Samsung TV, Model LNR267WX-XAA, Ser No ABQ33CLY500748X; (1) Video Screen, Ser No unavailable; (1) Mitsubishi Projector, Model MIKY, Ser No 6014336; (1) Phillips Plasma TV, Ser No YA1A0629001541; (1) Hitachi TV, Ser No MX5F000554, O'Fallon, MO, Dixson, Gregory and Dixson,
...
**07-DEA-483560**, (1) Breitling Watch, Ser No A28362, VL: $13,420.00, Charlotte, NC, Cuthbertson, Aaron, 04/11/07
**DISTRICT OF NEBRASKA**
**07-DEA-483188**, 1999 Chrysler Concorde, 2C3HD46J5XH563585, Dawson County, NE, Gavino, Hugo and Guzman, Jose Antonio Ochoa, 04/25/07
**DISTRICT OF NEW HAMPSHIRE**
**07-DEA-478161**, $5,821.00 U.S. Currency, Hooksett, NH, Deane, Andrew, 12/19/06
**DISTRICT OF NEW JERSEY**
**07-DEA-481411**, 2001 Honda Civic, 2HGES267X1H558601, Carlstadt, NJ, Hetherington, Alex, 02/27/07
**07-DEA-483158**, 2007 Mercedes Benz ML63 AMG, 4JGBB77E47A194433, Mt. Laurel, NJ, Ivanov, Rossen, 04/20/07
**07-DEA-483167**, $60,570.00 U.S. Currency, Mount Laurel, NJ, Ivanov, Rossen, 04/20/07
**07-DEA-483186**, $3,115.00 U.S. Currency, Mount Laurel, NJ, Ivanov, Rossen, 04/20/07
**07-DEA-483312**, 1999 Chrysler 300M, 2C3HE66G5XH580206, Fort Lee, NJ, Gates, James L., 04/25/07
**EASTERN DISTRICT OF NEW YORK**
**07-DEA-482967**, $31,900.00 U.S. Currency, Staten Island, NY, Martino, Gilberto, 04/18/07
**07-DEA-483268**, (16) Money Orders, VL: $11,500.00, (3) Western Union Money Orders, Ser Nos. 08-692362475; 08-692362476; 08-

AKA Gutierrez Jr., Pedro, 04/19/07
**07-DEA-483402**, 1997 BMW Z3 Roadster Convertible, 4USCH7325VLB79862, Atascosa, TX, Gutierrez Jr., Pedro Galvan AKA Gutierrez Jr., Pedro, 04/19/07
**EASTERN DISTRICT OF VIRGINIA**
**07-DEA-481837**, 2003 BMW 330i Sedan, WBAET37413NJ25195, Manassas, VA, Garcia, Edgar Genaro Rodriguez, 03/08/07
**DISTRICT OF VERMONT**
**07-DEA-483242**, $3,256.00 U.S. Currency, Winooski, VT, Atkins, Lonnie, 04/24/07
**07-DEA-483515**, $14,000.00 U.S. Currency, Williston, VT, Clegg, Caleb J., 05/07/07
**EASTERN DISTRICT OF WASHINGTON**
**07-DEA-482836**, $1,131.00 U.S. Currency, Othello, WA, Guzman, Yuridia and Guzman, Jesus, 03/28/07
**WESTERN DISTRICT OF WASHINGTON**
**07-DEA-482099**, $10,000.00 U.S. Currency, Seattle, WA, Israel, Mark, 03/15/07
**07-DEA-482591**, Washington Mutual Bank, Account #3506333529, VL: $4,349.60, Kent, WA, Tran, Phuong Thao AKA Tran, Lisa Phuong Thao, 04/11/07
**07-DEA-482594**, Washington Mutual Bank, Account #1814192637, VL: $2,125.53, Kent, WA, Tran, Phuong Thao AKA Tran, Lisa Phuong Thao, 04/11/07
**07-DEA-482596**, Bank of America, Account #62668611, VL: $31,227.05, Kent, WA, Kent Distributor, Inc. AKA Kent Garden Supplies, Ltd., 04/11/07
**07-DEA-482597**, Key Bank, Account #471672045765, VL: $25,604.06, Kent, WA, Nguyen, Le My AKA Narain, Le My, 04/11/07
**07-DEA-482598**, Bank of America, Account #76286764, VL: $4,352.17, Kent, WA, Nguyen, Le My AKA Narain, Le My and Tran, Phuong Thao AKA Tran, Lisa Phuong Thao, 04/11/07
**07-DEA-482599**, Washington Federal Savings Bank, Account #1357002698, VL: $29,049.67, Kent, WA, Nguyen, Danh Van AKA Nguyen, Victor and Tran, Phuong Thao AKA Tran, Lisa Phuong Thao, 04/11/07
**07-DEA-482862**, Wells Fargo Bank, Account #2908155860, VL: $7,926.20, Kent, WA, Tran, Phuong Thao AKA Tran, Lisa Phuong Thao, 04/11/07
**07-DEA-482863**, Wells Fargo Bank, Account #7063471739, VL: $11,588.86, Kent, WA, Kent Distributor, Inc. AKA Kent Garden Supplies, Ltd., 04/11/07
...
**07-DEA-483150**, $7,039.00 U.S. Currency, Milwaukee, WI, Holt Jr., Roosevelt L., 04/20/07
**07-DEA-483157**, $2,018.00 U.S. Currency, Milwaukee, WI, Williams, Derek, 04/27/07
**07-DEA-483183**, $15,187.00 U.S. Currency, Milwaukee, WI, Cruz Jr., Eladio AKA Andrade, Elias, 04/26/07
**07-DEA-483187**, $1,800.00 U.S. Currency, Waukesha, WI, Unidentified, 04/04/07
**07-DEA-483195**, Man's Rolex Oyster Perpetual Day Date Watch, Ser No None, VL: $15,820.00, Milwaukee, WI, Cruz Jr., Eladio AKA Andrade, Elias, 04/26/07
**WESTERN DISTRICT OF WISCONSIN**
**07-DEA-482752**, $14,950.00 U.S. Currency, Somerset, WI, Bierbrauer, Christopher D., 04/19/07
**07-DEA-483148**, $1,502.00 U.S. Currency, Eau Claire, WI, Velleux, Phillip M., 04/26/07
**07-DEA-483152**, $5,770.00 U.S. Currency, Eau Claire, WI, Velleux, Phillip M., 04/26/07

**SECOND NOTICE**
**LAST DATE TO FILE JULY 5, 2007**
**PLACE SEIZED, SEIZED FROM, DATE SEIZED**

**MIDDLE DISTRICT OF ALABAMA**
**07-DEA-482346**, $109,570.00 U.S. Currency, Montgomery, AL,

**07-DEA-482699**, 2000 Ford Taurus, 1FAFP5 Calexico, CA, Ledezma, Juan AKA Baca-Led 03/26/07
**07-DEA-482820**, $1,395.00 U.S. Currency, S Durante, Mario Soto, 04/20/07
**07-DEA-482920**, 2003 Chevrolet LS Truck, 9 Calexico, CA, Molina, Vethuel Lopez, 04/03/0
**07-DEA-482980**, 1998 Ford Escort ZXZ, 3FA Calexico, CA, Inzunza, Monica Mojica, 04/12/
**07-DEA-483219**, $14,926.00 U.S. Currency, S Parra, Candida, 04/12/07
**07-DEA-483221**, $31,500.00 U.S. Currency, Patricia, 04/21/07
**07-DEA-483337**, 1999 Ford Expedition SUV, 1FMPU18L9XLB57876, Tecate, CA, Ramirez 04/12/07
**DISTRICT OF DELAWARE**
**07-DEA-482793**, $25,370.00 U.S. Currency, Hancock, David AKA Black Guy, 04/12/07
**07-DEA-482801**, $5,469.00 U.S. Currency, David AKA Black Guy, 04/19/07
**MIDDLE DISTRICT OF FLORIDA**
**07-DEA-483026**, $31,065.00 U.S. Currency, Angel Donald and Ferrales, Irvin Luis, 04/24
**07-DEA-483027**, $24,501.00 U.S. Currency, Angel Donald and Borrego, Michael, 04/24/
**NORTHERN DISTRICT OF FLORIDA**
**07-DEA-482945**, (4) Miscellaneous Jewelry, Breitling "Bentley" 14K Men's Watch with Di Bracelet, Dial and Bezel, Ser No 2129033/ Bracelet 14K White Gold Multi-Link with Inv Princess/Round Cut Diamonds, Ser No N/A; 14K White Gold Multi-Link, with 180 Prong S Ser No N/A; (1) Men's Ring, 14K White Gol White and 52 Blue Princess Cut Diamonds, FL, Mikhael, John Peter, 04/05/07
**07-DEA-482955**, (8) Miscellaneous Jewelry, Teeth Cap, 14 karat White Gold "Grill" w/25 Diamonds Invisible Set, (1) teeth Cap, 14 ka w/71 Princess Cut diamonds Invisible Set, Watch, Black Ceramic, w/Rose Gold/01A C "Techno Com" Men's Stainless Watch w/Dia Crystals; (1) "Emporio Armani" Men's Watch
...
**07-DEA-482936**, $100,280.00 U.S. Curre Timothy, 04/12/07
**07-DEA-482951**, $12,302.00 U.S. Curren Juana, 04/20/07
**07-DEA-483003**, $9,000.00 U.S. Currenc Rios, German, 04/20/07
**07-DEA-483004**, $37,004.00 U.S. Curren Earnest, 04/20/07
**07-DEA-483006**, $11,000.00 U.S. Curren Martinez, Lorenzo, 04/19/07
**07-DEA-483016**, $10,101.00 U.S. Curren Jr., Arturo, 04/19/07
**07-DEA-483048**, $102,010.00 U.S. Curre Truelove, Aaron, 04/24/07
**07-DEA-483146**, Assorted Electronic Equ (1) Gateway TV, Model # GTW-P42M203 Satellite A55-S1063; (1) Toshiba TV w/DV #14DLV75; (1) Dell Computer Pentium 4 optiplex SX280; (1) HP PSC 1210 all-in-o Modle #SDGOA-0201; (1) HP Office Jet 5 copir/fax/scanner, Model #SDGOB-050S; copy/fax; (1) HP LaserJet 1018 printer, mo Chicago, IL, Gilmore, Corey, 04/10/07
**07-DEA-483170**, $50,010.00 U.S. Currenc Washington, Larry, 04/21/07
**SOUTHERN DISTRICT OF ILLINOIS**

EXHIBIT
tabbies
14

# LEGAL
## ATTE

t Administration (DEA), U.S. Department of Justice, gives notice that the property listed below was seized for forfeiture pursuant to a violation of the Controlled Substances Section 801 et seq.). An owner or lienor may file a petition for remission or mitigation of the forfeiture with the Forfeiture Counsel HQ, Forfeiture Response, P.O. Box 1475, Quantico, pursuant to Title 19, U.S.C., Section 1618, and the regulations governing the petition process set forth in Title 28, Code of Federal Regulations, Office of Operations Management, Drug tration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. In addition to, or in lieu of petitioning for remission or mitigation by filing a claim with the Forfeiture Counsel of the 18, U.S.C., Section 983(a). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to a hardship. A petition, claim, or other correspondence I with the Asset Forfeiture Section, when received by the DEA at either of the addresses noted above. Submissions by facsimile in this notice are not necessarily criminal defendants the appearance of their names in this notice necessarily mean that they are the target of DEA investigations or other activities.

*Monday, June 11, 2007*   **C9**

**GLOBAL, NATIONAL, REGIONAL**
TO ADVERTISE CALL 1.800.366.3975
FAX: 214.640.7900

ADVERTISING.WSJ.COM

EE MW SW WE

## PUBLIC NOTICES

# DEA LEGAL NOTICE CONTINUED

*[The remainder of this page consists of dense multi-column DEA legal notice listings organized by judicial district, including entries for:]*

### NORTHERN DISTRICT OF FLORIDA
### SOUTHERN DISTRICT OF FLORIDA
### MIDDLE DISTRICT OF GEORGIA
### SOUTHERN DISTRICT OF FLORIDA
### EASTERN DISTRICT OF WISCONSIN
### NORTHERN DISTRICT OF GEORGIA
### SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DISTRICT OF NORTH CAROLINA
### MIDDLE DISTRICT OF NORTH CAROLINA
### WESTERN DISTRICT OF TEXAS
### WESTERN DISTRICT OF MISSOURI
### NORTHERN DISTRICT OF TEXAS
### SOUTHERN DISTRICT OF TEXAS
### WESTERN DISTRICT OF WISCONSIN
### THIRD NOTICE
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DISTRICT OF ALABAMA
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DISTRICT OF ILLINOIS
### NORTHERN DISTRICT OF ILLINOIS
### DISTRICT OF COLUMBIA
### DISTRICT OF DELAWARE
### MIDDLE DISTRICT OF FLORIDA
### DISTRICT OF PUERTO RICO
### DISTRICT OF SOUTH CAROLINA
### MIDDLE DISTRICT OF TENNESSEE
### WESTERN DISTRICT OF NORTH CAROLINA
### DISTRICT OF VERMONT
### WESTERN DISTRICT OF WISCONSIN

[Each district lists numerous seized-property case numbers (e.g., 07-DEA-...), descriptions of seized U.S. Currency, vehicles, firearms, and other property, with associated names and dates ranging from 04/2007 to 06/2007. The fine print is too small to transcribe each entry reliably.]

**LAST DATE TO FILE JULY 13, 2007**
**PLACE SEIZED, SEIZED FROM, DATE SEIZED**

---

## BIDS & PROPOSALS



THE PORT AUTHORITY OF NY & NJ

**FILED**

AUG 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DUANE MCKINNEY
PLAINTIFF,
10.35 10th St N.E Unit 1
Washington D.C 20002
V.

Case: 1:07-cv-01480
Assigned To : Walton, Reggie B.
Assign. Date : 08/17/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

U.S DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
P.O Box 1475 Quantico, Virginia 22134-1475
2401 Jefferson    22301
Davis Hwy.

## COMPLAINT

**RETURN OF SEIZED PROPRTY($59,029,00)UNITED STATES
CURRENCY.AND ALL OTHER SEIZED PROPERTY.**

I DUANE MCKINNEY COMES NOW,IN PRO SE AND FILES THIS COMPLAINT
REGARDING THE ABOVE- DESCRIBED PROPERTY CONTAINED IN THE
STYLE OF THIS CASE AND MOVES THE COURT FOR THE RETURN OF
SAME,AND IN SUPPORT THEREOF STATES AS FOLLOW:

1.DUANE MCKINNEY IS THE LAWFUL OWNER OF THE ABOVE DESCRIBED
U.S CURRENCY..

2.ON APRIL 20,2007 THESE FUNDS WAS SEIZED FROM THE RESIDENCE OF
DUANE MCKINNEY (1035 10TH ST N.E UNIT 1)

3.I DUANE MCKINNEY FILED A COMPLAINT BEFORE THIS HONOURBLE
COURT. FOR MY RIGHT HAVE BEEN VIOTATED TO THE HIGHEST FORM,
THIS AGENCY RAIDED MY HOME WITHOUT A SEARCH WARRANT,OR ANY
WARRANT.THEY ENTER MY HOME AT 6:00AM I HAVE 2 WITNESS WHO
SEEN THIS  ALSO.THEY HAD NO PAPER TO SERVE ME  BECAUSE THEY HAD
NO PAPERS AT ALL.

4.NOW IT HAVE COME TO MY ATTENTION,THAT I  AM A DRUG  DEALER.
WHAT  A LIE.THIS GOVERNMENT AGENCY IS WORKING WITH THE IRS.
THE IRS WAS THERE.I AM NOT A DRUG DEALER IN ANY FASHION.

5.THE SAID DUANE MCKINNEY IS NOT CONVICTED OF ANY CRIME THAT
HAS BEEN MENTIONED IN THE INFORMATION AND OR THE NOTICE OF
FORFEITURE FILED BY THE U.S. DEPARTMENT OF JUSTICEDRUG
ENFORCEMENT ADMINISTRATION.

**RECEIVED**

AUG - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



EXHIBIT

15

6.THE INFORMATION AND NOTICE SET FORTH HAS NO MORE THAN THE TEXT OF THE FORFEITURE STATUE AND CONTAIN NO FACTS IN SUPPORT OF THE CONCLUSION STATED IN THE INFORMATION AND NOTICE OF FORFEITURE.

WHEREFORE THE PREMISE CONSIDERED,THE SAID DUANE MCKINNEY MOVES THE COURT FOR THE ENTRY OF AN ORDER DIRECTING THAT THE ABOVE-DESCRIBED CURRENCY BE FORTHWITH RETURNED TO HIS POSSESSION.

DUANE MCKINNEY

SUBSCRIBED AND SWORN TO BEFORE ME THIS___DAY OF____2007 IN MY JURISDICTION AFORESAID BY DUANE MCKINNEY.

NOTARY PUBLIC

MY COMMISSION EXPIRES:_____

DUANE MCKINNEY
1035 10TH ST NE UNIT 1
WASHINGTON DC,20002
202-398-2859



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Duane McKinney
1035 10th Street, NE
Washington, DC 20002

| Asset Id: | 07-DEA-483540 |
|---|---|
| Case Number: | GD-06-0074 |
| Property: | $59,029.00 U.S. Currency |
| Asset Value: | $59,029.00 |
| Seizure Date: | 04/20/2007 |
| Seizure Place: | Washington, DC |
| Owner Name: | |
| Seized From: | McKinney, Duane |
| Judicial District: | District of Columbia |

### NOTICE MAILING DATE: July 19, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 23, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

AO93(Rev.5/85)Search Warrant

# SEALED

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)
DOWNSTAIRS RESIDENCE 5x5
1035 10th Street, NE
Washington, DC

# SEARCH WARRANT

CASE NUMBER: 07 - 142 - M - 01

TO:   Special Agent Aaron R. Ybarra      and any Authorized Officer of the United States

Affidavit(s) having been made before me by  Special Agent Aaron R. Ybarra  who has reason to believe that ☐ on the person or ☒ on the premises known as (name, description and or location):

The premise known as 1035 10th Street, is located at the corner of Florida Avenue and 10th Street in the Northeast quadrant of Washington, D.C. This location is described as a multi-story white brick building with black security bars on the first level windows. The front door, which faces 10th Street, NE, Washington, DC, downstairs is black with a black security door. A light/lamp is situated on the upper corners of each side of the front door. The numbers 1035 are written in gold on a black placard which is located to the right side of the door. This property was obtained through mortgage fraud and has been linked to identity theft and there is probable cause to believe that this property will contain documents related to mortgage fraud and identity theft as well as documents related to illicit drug sales further detailed in the affidavit.

in the District of Columbia, there is now concealed a certain person or property, namely (describe the person or property)

**This is pursuant to a telephonic Affidavit, included as Attachment (A), supplementing the initial Affidavit also attached hereto, which previously authorized a search of a portion of the same premises on April 20, 2007.**

I am satisfied that the affidavits(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before  April 30, 2007
(Date)

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search ☑ (in the daytime - 6:00 A.M. to 10:00 P.M.) ☐ (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to the undersigned U.S. Judge/U.S. Magistrate Judge, as required by law.

APR 2 0 2007                Washington, D.C.

Date and Time Issued
DEBORAH A. ROBINSON
U.S. MAGISTRATE JUDGE

Name and Title of Judicial Officer          Signature of Judicial Officer

**U.S. Department of Justice**
United States Marshals Service

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL

United States District Court
for the
District of _____ **Columbia**

TO:

**Drug Enforcement Administration**
**700 Army Navy Drive**
**Arlington, Va. 22702**

Civil Action, File Number _____ **CA-07-1480 RBW**

**Duane McKinney**

V.

**U. S. Department of Justice, et al**

The enclosed summons and complaint are served pursuant to the Federal Rules of Civil Procedure.

You <u>MUST COMPLETE</u> the acknowledgment part of this form below, <u>AND RETURN COPIES 1 AND 2</u> to the sender within _____ days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within _____ days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within _____ days of the date those documents were sent. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

_____8/30/07_____                                _____(signature)_____

Date of Signature                                Signature *(USMS Official)*

---

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at

RECEIVED
2001 AUG 30 A
U.S. MARSHAL'S OFFICE
DISTRICT OF COLUMBIA

_____
Street Number and Street Name or P.O. Box No.

_____
City, State and Zip Code

_____
Signature

_____
Relationship to Entity/Authority to Receive

_____
Service of Process

AO 440 (Revised-DC 1/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

## SUMMONS IN A CIVIL ACTION

DUANE MCKINNEY

v.

CASE NUMBER:   07-1480  RBW

U.S. DEPARTMENT OF JUSTICE, ET AL

WITHOUT PREPAYMENT
OF COSTS

TO:     (Name & Address of Defendant)

DRUG ENFORCEMENT ADMINISTRATION
700 ARMY NAVY DRIVE
ARLINGTON, VA.  22702

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon:

PRO SE PLAINTIFF (name & address)

DUANE MCKINNEY
1035  10th  STREET, N.E.
    UNIT  1
WASHINGTON, D.C.  20002

an answer to the __COMPLAINT__   which is herewith served upon you, within __60__ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the __COMPLAINT.__ Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

U.S. MARSHALS OFFICE
DISTRICT OF COLUMBIA
2007 AUG 29  P 4: 32
RECEIVED

NANCY MAYER-WHITTINGTON, Clerk

By: _____
         Deputy Clerk

Date:   August 29, 2007

AO-440 (Revised-DC 1/00) Summons in a Civil Action (Return of Service)

## DUANE MCKINNEY

VS.    Case No.    07-1480  RBW

## U.S. DEPARTMENT OF JUSTICE, ET AL

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me' | DATE: |
| NAME OF SERVER (print) | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
Date          Signature of Server

_____
Address of Server

---

¹ As to who may serve a summons, see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P.73 and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

## WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

## WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev 3/95
Rev 7/99

Rev. 4/06

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

# INITIAL ELECTRONIC CASE FILING
# ORDER

Subsequent filings in this case must be made electronically using the Court's Electronic
Case Filing System (ECF) pursuant to Local Rule 5.4.

ORDERED that counsel shall:

- Submit in paper, the original and copy of the complaint/notice of removal/petitions for
habeas corpus and any accompanying papers (**not including summons and civil cover
sheets**). Additionally, litigants are hereby required to provide those filings in PDF
Format on a floppy disk or CD-Rom compact disk. The disk should be clearly labeled
with the case number (if known) and the name of the parties. If unable to deliver the
filing on a disk at the time of the new case filing, counsel should e-mail the initiating
document and accompanying papers to dcd_cmecf@dcd.uscourts.gov by the close of
business the day the new case was filed. Failure to supply electronic copies of the new
case in a timely manner, will result in the attorney's name being added to the attorney
non-compliant list and shared with the Court's ECF Judge's Committee. **Regardless of
what option counsel chooses, the complaint/notice** of removal and accompanying
papers must come to the Court as PDF documents. Each exhibit to the new case shall be
in a separate PDF file. Failure to submit PDF versions of the complaint/notice of
removal and other documents will delay the opening of the case in ECF.

- Register, if not previously registered, to become an electronic filer by completing and
returning the enclosed ECF Registration Form found on the Court's Website at
(www.dcd.uscourts.gov). The login and password are case specific and can be used for
all cases.

- **Make all subsequent filings electronically. This is <u>mandatory</u>.**

- Have a PACER (Public Access to Court Electronic Records) account, in order to view
dockets and documents. Call 1-800-676-6856 or visit www.pacer.psc.uscourts.gov for
additional information.

- Schedule a training class at the Courthouse by going to the Court's ECF Internet
Website (www.dcd.uscourts.gov/ecf.html). Also, filing instructions and an interactive
tutorial can be found at this Internet Website.



UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## ELECTRONIC CASE FILES
## Attorney/Participant Registration Form

### LIVE SYSTEM

This form shall be used to register for an account on the Court's Electronic Case Files (ECF) system and to subscribe to the ECF EMail (Listserver) notification service. Registered attorneys and other participants will have privileges both to electronically submit documents, and to view and retrieve electronic docket sheets and documents for all cases assigned to the Electronic Case Files system. Listserver subscribers receive email messages whenever the Court wishes to electronically notify ECF registrants of pertinent ECF information.

The following information is required for registration:

If you are appointed pro bono or pro hac vice, please provide the case number: _____

First Name/Middle Initial/Last Name _____ ____ _____

Last four digits of Social Security Number _____

DC Bar ID#: _____

Firm Name _____

Firm Address _____
_____
_____

Voice Phone Number _____

FAX Phone Number _____

Internet E-Mail Address _____

By submitting this registration form, the undersigned agrees to abide by the following rules:

1. This system is for use only in cases permitted by the *U.S. District Court for the District of Columbia.* It may be used to file and view electronic documents, docket sheets, and notices. Please visit the Court's ECF Internet, www.dcd.uscourts.gov, website to schedule training.

2. Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion, and other paper (except list, schedules, statements or amendments thereto) shall be signed by at least one attorney of record or, if the party is not represented by an attorney, all papers shall be signed by the party. An attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney's/participant's signature. Therefore, an attorney/participant must protect and secure the password issued by the court.

If there is any reason to suspect the password has been compromised in any way, it is the duty and responsibility of the attorney/participant to immediately notify the court. This should include the resignation or reassignment of the person with authority to use the password. The Court will immediately delete that password from the electronic filing system and issue a new password.

3. An attorney's/participant's registration will not waive conventional service of a summons and complaint, subpoena, or other judicial process; submit the client to the jurisdiction of the Court; or operate as a consent to accept service of pleadings, documents, and orders in actions in which such attorney/participant has not entered an appearance.    An attorney's/participant's registration will constitute a waiver in law only of conventional service of other non-process pleadings, documents, and orders in the case.    The attorney/participant agrees to accept, on behalf of the client, service of notice of the electronic filing by hand, facsimile or authorized e-mail.

4. Upon receipt of your login and password, you are strongly encouraged to change your password, which may be done through the Utilities function, to a name easily recalled. **You may be subjected to a fee, should the Clerk's Office have to create a new password for you, or alternatively,  you may be required to appear in person to receive your new password.**

5. Attorneys who are active members of the bar of this Court, or government attorneys who are employed or retained by the United States, or who have been permitted to proceed *pro hac vice*, must file pleadings electronically.

Please return this form to:

U.S. District Court for the District of Columbia
Attn:   Attorney Admissions
333 Constitution Avenue NW, Room 1825
Washington, DC  20001

Or FAX to:

Peggy Trainum
U.S. District Court for the District of Columbia
(202) 354-3023

Applicant's Signature    _____

_____    _____    _____

Full Last Name    Initial of    Last 4 Digits SS#
                  First Name



**U. S. Departmc  )of Justice**
Drug Enforcement Administration

*www.dea.gov*

## OCT 0 1 2007

### CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Duane McKinney
1035 10th Street, NE, Unit 1
Washington, D.C. 20002

RE:   DEA Case No. GD-06-0074
      Asset I.D. No. 07-DEA-483540
      $59,029.00 U.S. Currency

Dear Mr. McKinney:

On August 31, 2007, the Drug Enforcement Administration (DEA), Asset Forfeiture Section, received a summons and a copy of the complaint you filed in the U.S. District Court for the District of Columbia. The period to file a claim with the DEA Forfeiture Counsel seeking to contest the forfeiture expired on August 23, 2007, as indicated in the personal notice letter accompanying your complaint. Consequently, your civil complaint, if also intended as a claim filed pursuant to Title 18, United States Code, Section 983(a)(2), is rejected as untimely.

Since disposition of the property has not occurred, however, you may file a petition for remission or mitigation of the forfeiture of the property. A petition is a statement of the facts and circumstances which you believe justifies the return of the property. The petition process does not involve a hearing. A petition must be properly signed by the petitioner. See 21 C.F.R. § 1316.79(a); 28 C.F.R. § 9.3(e)(2). If an individual authorized to administer oaths is not available, you may use the following language:

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Petitioner's signature)."

As a matter of discretion, you shall be provided **thirty (30) days** from the date of your receipt of this letter to file a petition for remission or mitigation of the forfeiture with the Forfeiture Counsel at one of the addresses noted below. For additional information regarding the administrative forfeiture process and petitions for remission or mitigation, your attention is directed to the personal notice letter you received, as well as 28 C.F.R. Part 9 and 21 C.F.R. § 1316.79.

Further correspondence/petitions regarding this matter must reference the DEA and asset identification numbers noted above and must be addressed to the Forfeiture Counsel, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response,

EXHIBIT

16

P.O. Box 1475, Quantico, VA  22134-1475.  Correspondence sent via a next day delivery type service must be sent to the Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson-Davis Highway, Alexandria, VA  22301.  A petition will be deemed *filed (or submitted)* on the date it is actually received by the Forfeiture Counsel at one of the addresses listed above.  A petition is not considered filed or submitted when it is received by any other office or official, such as a court, United States Attorney's Office, or local DEA office.  In addition, a petition is not considered filed or submitted if received by an electronic fax transmission. Finally, a petition is not considered filed or submitted on the date it is mailed or delivered to any person for delivery to the Forfeiture Counsel.

Sincerely,

Larry D'Orazio
Senior Attorney
Asset Forfeiture Section

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002          See Reverse for Instructions

**U. S. Department of Justice**

Drug Enforcement Administration

---

**Asset ID:** 07-DEA-483540      **Case #:** GD-06-0074
**Asset Description:** $59,029.00 U.S. Currency
**Seizure Date:** 04/20/2007      **Seizure Value:** $59029.00
**Adoption Date:**
**Seizure Place:** Washington, DC
**Owner Name:**
**Seized From:** Duane McKinney
**Judicial District:** District of Columbia

## DECLARATION OF FORFEITURE

The above-described property has been seized by agents of the **DRUG ENFORCEMENT**

**ADMINISTRATION** pursuant to 21 U.S.C. Section 881.  Notice of the seizure has been sent to

all known parties who may have a legal or possessory interest in the property.  Also, in accordance

with 19 U.S.C. Section 1607, notice of the seizure has been published and no claim has been filed

for the property within 30 days from the date of last publication of the advertisement.  On this date,

I have examined this matter, and found that there was sufficient information to support the forfeiture

of this property.  **THEREFORE**, it is hereby declared that such property is forfeited to the United

States pursuant to 19 U.S.C. Section 1609.

Lawrence A. D'Orazio, Senior Attorney
Asset Forfeiture Section

**OCT 0 1 2007**

Date



EXHIBIT

17