UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE MCKINNEY,        )<br>                                 )<br>            Plaintiff,       )<br>                                 )<br>       v.                        )<br>                                 )<br>U.S. DEPARTMENT OF JUSTICE )<br>     DRUG ENFORCEMENT    )<br>     ADMINISTRATION,      )<br>                                 )<br>            Defendant.     )<br>_____) | Civil Action No. 07-1480 (RBW) |

### REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

The United States Attorney for the District of Columbia, on behalf of defendant, respectfully replies to plaintiff's Opposition to Motion for Dismissal. As discussed more fully below, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), the complaint should be dismissed with prejudice.

On August 30, 2007, plaintiff, Duane McKinney ("McKinney"), filed a complaint seeking the return of $59,029.00 ("the subject funds"), that the Drug Enforcement Administration ("DEA") seized during the execution of a search warrant. On October 25, 2007, defendant filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). See Document No. 7. On November 16, 2007, plaintiff filed an opposition. See Document No. 9. Plaintiff's opposition utterly fails to address the issues raised in the government's motion to dismiss, specifically: 1) that the Court lacks subject matter jurisdiction to review the merits of the administrative forfeiture of the subject funds; and 2) to the extent that plaintiff's complaint can be construed as a request to set aside the administrative forfeiture, that the DEA provided proper

notice of the administrative forfeiture process.[1]  Instead, plaintiff simply asks the Court again to return the subject funds–something the Court lacks jurisdiction to do.  See Document No. 9 at 3.

Plaintiff has the burden of demonstrating subject-matter jurisdiction.  See Shekoyan v. Sibley Int'l Corp., 217 F. Supp.2d 59, 63 (D.D.C. 2002).  "In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence."  Wada v. United States Secret Service, et. al., ___ F. Supp.2d ___, 2007 WL 3341847 at 5 (D.D.C. November 13, 2007) (citing, Am. Farm Bureau v. Environmental Prot. Agency, 121 F. Supp. 2d 84, 90 (D.D.C. 2000)).  Plaintiff cannot meet that burden here because an administrative forfeiture action against the subject funds was commenced before the complaint was filed.[2]  See United States v. Price, 914 F.2d 1507, 1511 (D.C. Cir. 1990).  "Congress intended for the administrative forfeiture scheme to preempt the District Court's jurisdiction so as to provide an exclusive avenue to resolve forfeiture disputes."  Id. at 1510.  "Furthermore, D.C. Circuit precedent makes clear that once the [federal agency] commenced the administrative forfeiture proceedings pursuant to 18 U.S.C. § 983(a), the Court lacked jurisdiction over the funds seized . . ."  Wada v. United States Secret Service, et. al., ___ F. Supp.2d ___, 2007 WL 3341847 at 8.

Because the administrative forfeiture process against the subject funds was commenced before the filing of the complaint, and is now completed, this Court lacks subject-matter

---

[1] Plaintiff's statement that the Court has jurisdiction because the search occurred in the District of Columbia relates to venue, not subject-matter jurisdiction.  See Document No. 9 at 3.

[2] Plaintiff incorrectly states that the subject funds are specifically included in the criminal indictment.  See Opposition at 3.  See also Criminal Action No. 07-0113-01, Document No. 3.

jurisdiction.  Thus, the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  Plaintiff's decision not to take advantage of the adequate legal remedies available to him as part of the administrative forfeiture process, including the opportunity to "remove" it to a court, precludes him from now raising any issue he may have had regarding the search of the residence and seizure of the subject funds.[3]

As noted in the government's motion to dismiss, by statute the Court's review of an administrative forfeiture is limited to determining whether the federal agency followed adequate procedural safeguards in the administrative forfeiture process.  See <u>Valderrama v. United States</u>, 417 F.3d 1189, 1196 (11th Cir. 2005).  Here, the complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because it does not challenge whether plaintiff received notice, and, even if the complaint were drafted as a challenge to the adequacy of notice pursuant to 18 U.S.C. § 983(e), plaintiff still could not prevail.[4]

18 U.S.C. § 983(e), the exclusive remedy for seeking to set aside a declaration of forfeiture, requires that an individual requesting the return of forfeited property prove both that the federal agency failed to send proper notice and that the individual had no knowledge of the seizure or reason to know of the seizure.  See <u>id</u>. at 1195 and 18 U.S.C. § 983(e).  Plaintiff's opposition does not ask the Court to conduct a limited review as to whether the DEA provided

---

[3] Plaintiff challenges the search of his residence in his criminal matter by filing a motion to suppress evidence.  <u>See</u> Criminal Action No. 07-0113-01, Document No. 56.  It is the undersigned counsel's understanding that the United States will be filing an opposition to that motion in the criminal matter.  Whether plaintiff prevails on that motion is not germane to the jurisdictional issue raised in the motion to dismiss.

[4] Neither plaintiff's complaint, nor his opposition to the motion to dismiss, allege that plaintiff lacked notice of the administrative forfeiture process.  <u>See</u> Document Nos. 1 and 9.

3

adequate notice. Presumably this is because he cannot meet the requirements of 18 U.S.C. § 983(e). Indeed, plaintiff attached to his complaint the DEA's July 18, 2007 notice of the administrative forfeiture proceedings. See Document No. 1. Moreover, plaintiff does not dispute being present when the seizure occurred. See Document No. 9 at 2. Therefore, even a redrafted complaint necessarily would fail under Fed. R. Civ. P. 12(b)(6).

WHEREFORE, for the forgoing reasons, the United States respectfully submits that the Court should dismiss the Complaint with prejudice.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney

_/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of defendant's Reply to Plaintiff's Opposition to Motion to Dismiss was sent by U.S. Postal Service, First-Class postage paid, to Mr. Duane McKinney, *pro se,* 1035 10th Street, N.E., Washington, D.C. 20002 and to his criminal defense attorney, Christopher M. Davis, Esquire, 415 10th Street, N.W., 9th Floor, Washington, D.C. 20005, on this 30th day of November, 2007.

_/s/_____
DIANE G. LUCAS