# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| DUANE MCKINNEY,                                 ) | |
|                                                              ) | |
|         Plaintiff,                           ) | |
|                                                              ) | |
|         v.                                    )   Civil Action No. 07-1480 (RBW) | |
|                                                              ) | |
| U.S. DEP'T OF JUSTICE DRUG         ) | |
| ENFORCEMENT ADMINISTRATION    ) | |
|                                                              ) | |
|         Defendant.                         ) | |
| _____ ) | |

## MEMORANDUM OPINION

Plaintiff Duane McKinney, acting *pro se,* filed a complaint in this action seeking the return of seized property, alleging that the seizure was unlawful. The defendant filed a motion to dismiss the complaint, contending that this Court is without jurisdiction to review the violation alleged or to grant the relief requested. The motion to dismiss will be granted.

### I. Factual Background

On April 20, 2007, $59,029 in currency was seized during a search of McKinney's residence. McKinney contends that the search was unlawful because it was not authorized by a warrant, and that he is therefore entitled to the return of the property.[1]

The currency was seized by the Drug Enforcement Administration ("DEA"), which thereafter commenced nonjudicial forfeiture proceedings against the currency under the Civil

_____

[1] Plaintiff contends that the search was conducted at 5:55 or 6:00 a.m. on April 20, 2007. A warrant authorizing the search indicates that it was not issued until 8:40 a.m. on April 20, 2007. The defendant does not address this alleged discrepancy in its motion to dismiss. However, because this Court is without jurisdiction to entertain this action, the legality of the search cannot be reviewed by the Court.

Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. §§ 981, 983.  By first class mail, the DEA

sent notice of its administrative action to the plaintiff at his home where the currency had been

seized.  The notice was not returned by the United States Postal Service.  The notice advised

McKinney that, among other remedies, he could

> contest the forfeiture of the seized property in UNITED STATES DISTRICT
> COURT.  To do so, you must file a claim with the Forfeiture Counsel of the DEA
> by August 23, 2007. . . .  If you wish to contest the forfeiture of the asset, you
> must comply with the procedures set forth herein.  Your failure to do so will result
> in the termination of your interest in the asset, and may preclude your contesting
> the forfeiture of the asset in any judicial proceeding  – either civil or criminal –
> even if such a proceeding has already been commenced or is commenced in the
> future.  . . .  A . . . CLAIM OR OTHER CORRESPONDENCE SHALL BE
> DEEMED FILED WITH THE FORFEITURE COUNSEL . . . WHEN
> RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED
> ABOVE.

Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ("Def.'s

Mem."), Exhibit ("Ex.") A, Attachment ("Att.") 12 (emphasis in the original).  The DEA also

sent the same notice by certified mail to McKinney in care of two different attorneys who had

been appointed to assist him in defending against criminal proceedings at the time; the returned

receipts were signed at each of those offices.  McKinney does not contend that he did not receive

notice.

McKinney did not mail a claim to the DEA's Forfeiture Counsel as instructed.  Instead,

he filed his complaint in this case, which was not served on the DEA until August 31, 2007, eight

days past the deadline of August 23, 2007, that was identified in the DEA's notice.  The DEA

"considered [the summons and complaint] as a claim filed pursuant to Title 18, U.S.C. Section

983(a)(2), and rejected the claim as untimely . . . ."  Def.'s Mem., Ex. A, Declaration of John

Hieronymus ¶ 4(k) (Oct. 4, 2007).  A declaration of forfeiture was then issued on October 1,

2007.  *Id.,* ¶ 4(k) & Ex. 17.

## II.  Legal Standard

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies

from suit."  *FDIC v. Meyer,* 510 U.S. 471, 475 (1994).  "The basic rule of federal sovereign

immunity is that the United States cannot be sued at all without the consent of Congress.  A

necessary corollary of this rule is that when Congress attaches conditions to legislation waiving

the sovereign immunity of the United States, those conditions must be strictly observed . . . ."

*Block v. N. Dakota*, 461 U.S. 273, 287 (1983),  "[A] waiver of the Government's sovereign

immunity will be strictly construed, in terms of its scope, in favor of the sovereign."  *Lane v.

Pena,* 518 U.S. 187, 192 (1996).  "Waivers of the Government's sovereign immunity, to be

effective, must be unequivocally expressed."  *U.S. v. Nordic Village Inc.*, 503 U.S. 30, 33 (1992)

(internal quotation marks and citations omitted).

"It is axiomatic that the United States may not be sued without its consent and that the

existence of consent is a prerequisite for jurisdiction."  *United States v. Sherwood,* 312 U.S. 584,

586 (1983).  It is also axiomatic that a federal court must examine whether it has jurisdiction

whenever there is any doubt on the matter.  *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989,

992 (D.C. Cir. 1982).  When examining its jurisdiction, a court may consider material outside the

pleadings, including undisputed facts or disputed facts resolved by the court.  *Herbert v. Nat'l

Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## III.  Analysis

The CAFRA permits certain assets to be forfeited in an administrative procedure upon compliance with certain conditions.  18 U.S.C. § 981.  One of those conditions is that persons who might have a claim of ownership in of the asset must be given notice of their right to contest the forfeiture before a federal court.  18 U.S.C. § 983(a)(1).  The DEA satisfied this condition, and McKinney does not claim otherwise.  The notice to McKinney advised him that he had a right to contest the forfeiture in a judicial proceeding, which he could trigger by filing a claim within the prescribed deadline.  However, McKinney waived his right to judicial review when he let the deadline pass without filing a claim with the DEA, as the DEA's notice had forewarned.  This resulted in the issuance of a declaration of forfeiture.

McKinney cannot now attack that administrative forfeiture in court.  The CAFRA provides that "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture . . . ."  18 U.S.C. § 983(e)(1).  McKinney does not fall within the category of persons who were entitled to, but did not receive, written notice of the administrative forfeiture proceedings.  Therefore, he is not eligible to make a motion under § 983(e)(1).  The CAFRA also restricts the sovereign's consent to suit by providing that "[a] motion filed under this subsection shall be the *exclusive remedy* for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."  18 U.S.C. § 983(3)(5) (emphasis added).  In short, once an administrative declaration of forfeiture has been issued under the CAFRA, the United States has unequivocally expressed its consent to be sued only under 18 U.S.C. § 983(e)(1), and McKinney is not eligible to bring such a suit.

## IV.  Conclusion

Under the circumstances presented here, where the plaintiff received due notice of the impending administrative forfeiture, the United States has not waived its immunity from a suit brought to attack the ensuing declaration of forfeiture.  This Court is therefore without jurisdiction to review whether the forfeiture was based on a legal search, as the statute requires, or to order the return of the asset.  Accordingly, this complaint will be dismissed with prejudice for lack of subject matter jurisdiction.

A final order accompanies this memorandum opinion.


_____/s/_____
REGGIE B. WALTON
Date:  September 22, 2008            United States District Judge

- 5 -